# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Docket No. 1:18-cv-68-NT ) |
| CALPERS CORPORATE PARTNERS, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER ON APPEAL

Before me is Defendant CalPERS Corporate Partners, LLC's appeal of the Magistrate Judge's Order quashing CalPERS's subpoena of third-party Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**"), a law firm that served as counsel to the Debtor in the bankruptcy action that underlies the instant case. CalPERS's Mot. (ECF No. 106). I **AFFIRM** the Magistrate Judge's decision.

Upon timely objection to a magistrate judge's order on a non-dispositive motion, I must set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. Pro. 72(a). Under the "clearly erroneous" standard, I "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [I] 'form a strong, unyielding belief that a mistake has been made.'" *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999). When an objection turns on a pure question of law, my review under the "contrary to law" branch of the Rule 72(a) standard is *de novo*. *PowerShare, Inc. v. Syntel, Inc.*, 597

F.3d 10, 15 (1st Cir. 2010). CalPERS's timely appeal asserts three objections. I take each in turn.

CalPERS first argues that the Magistrate erroneously found that the evidence sought through its subpoena was not relevant. I note that CalPERS failed to respond to BSSN's relevance argument in its briefing below, CalPERS's Opp'n (ECF No. 92), and that CalPERS's counsel's limited discussion of relevance at the hearing on this discovery dispute was a far cry from the developed argument presented to me. Hearing Tr. 24:1-22 (ECF No. 108-2). To the extent that CalPERS's relevance argument is not waived, I find upon a review of the entire record that it was not clear error for the Magistrate to conclude that the requested evidence was neither sufficiently relevant nor proportionate to the needs of this case to necessitate disclosure under Federal Rule of Civil Procedure 26(b)(1).

CalPERS next argues that the Magistrate erred as a matter of law in finding that a purported "limited waiver" of the attorney-client privilege between the Debtor, the Debtor's Liquidating Trustee, and the Committee of Unsecured Creditors for the Debtor, did not constitute a complete waiver of the privilege. CalPERS is correct that the First Circuit has held that a party cannot effect a "limited waiver" of the attorney-client privilege. *E.g. United States v. Mass. Inst. of Tech.*, 129 F.3d 681, 684-86 (1st Cir. 1997). But this rule is inapposite to the Magistrate's finding that no waiver ("limited" or otherwise) occurred here. Hearing Tr. 40:24-41:21 (noting that while the Magistrate "appreciate[d] the argument about First Circuit law that when there is a waiver then that waiver opens up all related documents or communications on the

subject matter . . . the question before the Court [was] whether there was a waiver under the circumstances," and finding there was not). I find that the Magistrate did not clearly err when he determined that the parties' correspondence and conduct did not reflect a waiver.[1] CalPERS's "limited waiver" argument accordingly fails.

CalPERS finally argues that the Magistrate's ruling regarding waiver was clearly erroneous because the Liquidating Trustee did not take reasonable steps to protect the Debtor's privilege. *See* Fed. R. Evid. 502(b) (disclosure does not operate as a waiver if "(1) the disclosure is inadvertent; (2) the holder of the privilege . . . took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error"). Nothing in the record causes me to "form a strong, unyielding belief" that the Magistrate erred in making his heavily fact-based determination that the Liquidating Trustee took reasonable steps to prevent disclosure of privileged materials. *See* Hearing Tr. 41:16-19; *see also Phinney*, 199 F.3d at 4. In the context of this proceeding, the Magistrate reasonably concluded that the Liquidating Trustee's efforts were, if not fool-proof, enough.

For the foregoing reasons, I **AFFIRM** the Magistrate Judge's decision.

SO ORDERED.

---

[1] Before the Magistrate, CalPERS took the position that the Bankruptcy Judge's April 13, 2017, Standing Order, CalPERS's Opp'n Ex. A (ECF No. 92-1), precluded the Committee from asserting that the Committee fell within the scope of the Debtor's privilege. CalPERS's Opp'n 5 (ECF No. 92). The Standing Order appears to have been superseded by the Bankruptcy Judge's May 7, 2018, order confirming the Debtor's and the Committee's joint plan of liquidation in the bankruptcy action. CalPERS's Opp'n Ex. D (ECF No. 92-5). CalPERS's position below also conflicted with CalPERS's October 9, 2018, representation to the Liquidating Trustee and to the Committee that "the debtor's privilege is maintained by/extends to its Board and extends to the Committee, which has stepped into the debtor's shoes and has the power to waive the debtor's privilege." CalPERS's Opp'n Ex. C at 1 (ECF No. 92-4). In any event, CalPERS appears to have dropped its argument that the Standing Order controls in its briefing before me.

/s/ Nancy Torresen  
United States District Judge

Dated this 6th day of August, 2019.