UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Docket No. 1:18-cv-00068-NT |
| CALPERS CORPORATE PARTNERS<br>LLC, *et al.*, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

### ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF DAVID CROCKER

Defendant CalPERS Corporate Partners LLC ("**CCP**") filed this emergency motion *in limine* ("**Def.'s Mot.**") (ECF No. 262) to preclude the testimony of David Crocker.[1] CCP asserts that Mr. Crocker should be precluded from testifying pursuant to Federal Rules of Civil Procedure 26 and 37 because the Plaintiff failed to disclose Mr. Crocker as an individual who may have discoverable information in its initial disclosures and instead first disclosed him as a witness in February of 2021. Def.'s Mot. 2–4. Alternatively, CCP argues that Mr. Crocker should be precluded from testifying pursuant to Federal Rules of Evidence 402 and 403 because his testimony is not relevant. Def.'s Mot. 7–9. Finally, if Mr. Crocker's testimony is not precluded, CCP requests leave to depose him before the start of trial. Def.'s Mot. 9–10. The

---

[1] At the same time it filed this motion, the Defendant also filed a motion for expedited briefing (ECF No. 263). On July 12, 2021, I granted that motion, and ordered the Plaintiff to respond to the Defendant's motion *in limine* by July 16, 2021. The Plaintiff filed its opposition on July 13, 2021, and the Defendant filed a reply on July 14, 2021.

Plaintiff, the Official Committee of Unsecured Creditors (the "**Committee**"), opposes the Defendant's motion ("**Pl.'s Opp'n**") (ECF No. 265).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that, as part of a party's initial disclosure, the "party must . . . provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). As part of its pretrial disclosures, a party must also provide to the other parties "the name and, if not previously provided, the address and telephone number of each witness" that the party expects to present or may call if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(i). A party must supplement any Rule 26(a) disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Federal Rule of Civil Procedure 37 authorizes sanctions for violations of these disclosure requirements. Specifically, Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c) also provides that a court may impose other

sanctions "[i]n addition to or instead of this sanction." Fed. R. Civ. P. 37(c)(1)(A)–(C) (stating that a court may order payment of reasonable expenses caused by the failure, inform the jury of the party's failure, and impose other appropriate sanctions).

Although preclusion is ordinarily the proper sanction for discovery violations of this sort, "preclusion is not a strictly mechanical exercise," and district courts have discretion in deciding whether such a sanction is appropriate. *Santiago-Díaz v. Laboratorio Clínico Y De Referencia Del Este And Sara López, M.D.*, 456 F.3d 272, 275 (1st Cir. 2006). The First Circuit has identified the following factors as relevant for determining the proper sanction: "(1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket." *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009)

## DISCUSSION

In this case, the Plaintiff seeks to recover and avoid certain transfers made by Lincoln Paper Tissue LLC (the "**Debtor**"), which operated a pulp, paper, and tissue mill (the "**Mill**") in Lincoln, Maine. The Plaintiff alleges that the transfers were constructively fraudulent. A jury trial is scheduled to begin on August 5, 2021.

In this present motion, the Defendant seeks to preclude the Plaintiff from calling Mr. Crocker as a trial witness. According to the Plaintiff, Mr. Crocker is a representative of the United Steel, Paper and Forestry, Rubber, Manufacturing,

Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC (the "**Union**"). *See* Pl.'s Opp'n 6; Pl.'s Initial Disclosures, Ex. A p. 10 (ECF No. 262-1). The Plaintiff states that it intends to call Mr. Crocker to testify about the "history of the mill, the mill's operations over time, the November 2013 explosion, and the changes to the mill's operations following the explosion." Pl.'s Opp'n 1. The Plaintiff adds that it anticipates Mr. Crocker's testimony to last less than one hour. Pl.'s Opp'n 1. The Defendant raises two alternative reasons why preclusion of Mr. Crocker's testimony is warranted. I address each in turn.

**I.    Preclusion of Mr. Crocker's Testimony Based on Alleged Discovery Violation**

The Defendant asserts that preclusion is warranted because the Plaintiff failed to identify Mr. Crocker in its initial disclosure. The Plaintiff acknowledges that Mr. Crocker's name does not appear on its initial disclosure from April 25, 2018. Pl.'s Opp'n 2. However, the Plaintiff notes that the initial disclosure did identify the Union as an entity "likely to have discoverable information that the Committee may use," provided contact information for the Union's counsel, and stated that the "Union may have information related to, *inter alia*, the Debtor's financial condition and *its operations during the relevant time periods*, and its decision to settle the Insurance Claim." Pl.'s Initial Disclosures (ECF No. 262-1) (emphasis added); *see* Pl.'s Opp'n 3. The Plaintiff states that the Defendant chose not to conduct discovery related to the Union, including declining to conduct Rule 30(b)(6) discovery.[2] Pl.'s Opp'n 5–6. The

---

[2]    Federal Rule of Civil Procedure 30(b)(6) sets forth the process for conducting discovery of a corporation or other entity. Specifically, the Rule provides that "[i]n its notice or subpoena, a party may name as the deponent [an entity] and must describe with reasonable particularity the matters for

4

Plaintiff further explains that it contacted the Union after the close of discovery[3] about the identification of a trial witness and that "[t]hese discussions culminated in the identification of Mr. Crocker in late 2020 or early 2021." Pl.'s Opp'n 6.

On February 24, 2021, the Plaintiff identified Mr. Crocker as a trial witness when it filed its pretrial memorandum (ECF No. 222). Since then, the Court has held numerous pretrial conferences, during which neither party raised the issue of Mr. Crocker's testimony. On June 16, 2021, in an email to Defendant's counsel, Plaintiff's counsel specified which witnesses the Plaintiff intends to call as live witnesses at trial. That list included Mr. Crocker. *See* Email from Jeremy Fischer to Hannah Wigger, June 16, 2021, Ex. B p. 23 (ECF No. 262-1). The Defendant filed this "emergency motion *in limine*" on July 9, 2021.

As an initial matter, the Plaintiff disagrees that there was a discovery violation. The Plaintiff asserts that the identification of the Union in its initial disclosure was sufficient to put the Defendant "on notice to conduct Rule 30(b)(6) discovery," adding that the "Defendant's diligent discovery would have led to an earlier identification of the Union's representative."[4] Pl.'s Opp'n 5–6. I agree that based on the information provided in the initial disclosure, the Defendant could have identified and deposed Mr. Crocker before the close of discovery. Further, the initial

---

examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6).

[3]   Fact discovery closed in June of 2019.

[4]   The Plaintiff notes that the Defendant conducted Rule 30(b)(6) discovery of other entities named in the initial disclosure but "[i]nexplicably . . . conducted no discovery related to the Union." Pl.'s Opp'n 2.

5

disclosure listed topics that now form the basis for Mr. Crocker's anticipated testimony—including the Mill's "operations."

But assuming that the Plaintiff bears some responsibility for not supplementing its disclosures in a timelier fashion, I consider the factors identified by the First Circuit in order to determine an appropriate sanction. I begin with the history of this litigation. As both parties acknowledge, this case has been pending for over three years. Discovery closed more than two years ago. If not for repeated delays due to the COVID-19 pandemic, trial would have already taken place. Both parties contend that this first factor weighs in their favor. The Defendant asserts that the Plaintiff had plenty of time to disclose Mr. Crocker but waited until February of 2021. The Plaintiff counters that the Defendant knew that the Union—and accordingly its representative—had potentially discoverable information and did nothing until weeks before trial despite having notice in February of 2021 that the Plaintiff planned to call Mr. Crocker. Although both parties bear some fault, there is no indication that the Plaintiff sought to gain an unfair tactical advantage. *See Esposito*, 590 F.3d at 79. Nor is there any indication that the Plaintiff has a history of violating the Court's scheduling orders.

Second, turning to the need for the testimony, the Plaintiff argues that Mr. Crocker's testimony will provide basic background in the case and that it is "essential to telling the story" and providing context for the Plaintiff's expert's testimony. Pl.'s Opp'n 5. The Defendant contends that there are other witnesses—including members of the Debtor's management—who will testify about the proposed topics. Mr. Crocker,

6

however, worked in the Mill rather than the office, and I can see where it would be important to the Plaintiff to have his perspective on the operations of the Mill.

Third, the Defendant asserts that the Plaintiff has offered no explanation for its late disclosure of Mr. Crocker. The Plaintiff repeats that it did not consider there to be any late disclosure and that it promptly disclosed Mr. Crocker after he was identified by the Union.

Fourth, I consider the Defendant's ability to overcome any surprise and prejudice from the late disclosure. As to prejudice, the Defendant asserts, in broad terms, that "[w]here a party is deprived of the opportunity to take a witness's deposition because of nondisclosure, that party would be prejudiced by the admission of such witness's testimony." Def.'s Mot. 7. In response, the Plaintiff notes that since the identification of Mr. Crocker in February of 2021, the Defendant has taken no steps to contact him and ask him about his upcoming testimony. Pl,'s Opp'n 2. Given the background nature of Mr. Crocker testimony and its anticipated short length, I conclude that the prejudice to the Defendant is minimal. As to surprise, given the Plaintiff's disclosure of the Union in 2018 and its identification of Mr. Crocker in February of this year, I also conclude that the Defendant has no persuasive argument that it was recently surprised by the Plaintiff's confirmation in June of 2021 that it intended to call Mr. Crocker as a live witness at trial.

Finally, neither party makes any persuasive argument about the effect of late disclosure on the Court's docket. I do note, however, that had this issue been raised

earlier—such as when the pretrial memoranda were filed or in a subsequent telephone conference—it likely could have been dealt with more efficiently.

In summary, given the lack of specific, significant prejudice to the Defendant from the delay or from permitting Mr. Crocker's testimony; given the lack of a clear discovery violation or bad faith on the part of the Plaintiff; and given the Defendant's own delay in raising this issue, exclusion of Mr. Crocker as a witness is too severe a sanction. The Defendant is free to contact Mr. Crocker and ask him about his testimony, or counsel may also be able to reach another satisfactory alternative. *See Fairweather v. Friendly's Ice Cream*, LLC, No. 2:13-cv-00111-JAW, 2015 WL 348033, at *4 (D. Me. Jan. 23, 2015) (suggesting a pre-testimonial interview of the witnesses with both counsel present as an alternative). If Mr. Crocker is unreachable or unwilling to talk, the Defendant can refile its motion, and I will consider authorizing a short video deposition.

## II. Evidentiary Objections to Mr. Crocker's Testimony

The Defendant also argues that, in the alternative, Mr. Crocker should be precluded from testifying because his testimony is not relevant and is prejudicial. I defer ruling on any evidentiary objections until trial.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's motion *in limine* (ECF No. 262).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 16th day of July, 2021.