## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Docket No. 1:18-cv-68-NT |
| CALPERS CORPORATE PARTNERS LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER ON MOTION TO QUASH AND MOTION FOR LEAVE TO TAKE TRIAL TESTIMONY BY VIDEO

Keith Van Scotter, a non-party in this action,[1] has moved to quash a subpoena issued by Defendant CalPERS Corporate Partners LLC ("**CCP**"). Mot. of Keith Van Scotter to Quash Subpoena ("**Mot. to Quash**") (ECF No. 256). The subpoena commands him to testify at trial in Bangor, Maine. Subpoena (ECF No. 256-1). Mr. Van Scotter has also requested that I order CCP to reimburse him for the expense of having to file this motion. Mot. to Quash 8. In opposing the motion to quash ("**Def.'s Opp'n**") (ECF No. 268), CCP also filed a motion for leave to take the trial testimony of Mr. Van Scotter by videoconference transmission (ECF No. 270). For the reasons set forth below, I **GRANT** the motion to quash and **DENY** CCP's motion.

---

[1]     Mr. Van Scotter was originally named as a defendant in another related case brought by the Plaintiff, but those claims were ultimately settled in late 2018. *See Off. Comm. of Unsecured Creditors v. Meltzer*, No. 1:18-cv-44-NT.

## BACKGROUND

In this case, Plaintiff Official Committee of Unsecured Creditors ("**Plaintiff**" or "**the Committee**") seeks to recover two allegedly fraudulent transfers made by the Board of Lincoln Paper & Tissue LLC ("**LPT**") to members of its parent company, LPT Holding LLC. CCP is the only remaining defendant, and trial is scheduled to begin in Bangor, Maine, on August 5, 2021.

Mr. Van Scotter has been a resident of Dover, New Hampshire, since 2015. Decl. of Keith Van Scotter ("**Van Scotter Decl.**") ¶ 1 (ECF No. 256-2). He was the President, Chief Executive Officer, and managing member of the Board of Directors of LPT. Def.'s Opp'n 2. Until 2018, he assisted the Committee and the Bankruptcy Trustee in winding down environmental and site liquidation matters with respect to LPT. Van Scotter Decl. ¶ 8. He owns no property in Maine, is not employed in Maine, and does not regularly transact business in Maine. Van Scotter Decl. ¶¶ 2, 5–7. Mr. Van Scotter states that it is highly likely that he will have business obligations in Canada during the weeks of trial in this case and that if he were required to travel to Maine to testify, he would be forced to incur substantial expense and would lose substantial income. Van Scotter Decl. ¶¶ 10–11.

CCP served Mr. Van Scotter with a deposition subpoena during discovery, apparently seeking stenographic rather than video recording, *see* Pl.'s Obj. to Def.'s Cross-Mot. to Take Trial Testimony of Keith Van Scotter by Video ("**Pl.'s Opp'n**") 1 (ECF No. 272), and he was deposed in May of 2019, Van Scotter Decl. ¶ 9. As the parties have been preparing for trial, which is now set to begin in less than three weeks, they have designated deposition testimony for use at trial, including Mr. Van

2

Scotter's eleven-hour deposition. Objections to these designations and any counter-objections were due yesterday, July 19, 2021. Pl.'s Opp'n 1 n.1.

## DISCUSSION

Federal Rule of Civil Procedure 45(d)(3)(A)(ii) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). Rule 45(c) specifies:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>     (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>     (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>         (i) is a party or a party's officer; or
>         (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c). Mr. Van Scotter states that he does not reside, work, or regularly transact business within 100 miles of Bangor, Maine. Van Scotter Decl. ¶¶ 2, 6–7. While CCP suggests that Mr. Van Scotter's claim about not conducting business in Maine is questionable, it offers no evidence to contradict Mr. Van Scotter's claim. Def.'s Opp'n 5. Accordingly, there is no basis on which to compel him to travel to Bangor to testify at this trial.

CCP does not dispute that Mr. Van Scotter is outside Rule 45(c)'s geographical scope, as it relates to a proceeding in Bangor. However, CCP argues that even if Mr. Van Scotter cannot be compelled to testify in person in Bangor, he could be compelled to travel to another courthouse within 100 miles of his residence to testify via

livestream. Def.'s Opp'n 7–8. In support of this assertion, CCP cites to Federal Rule of Civil Procedure 43(a). That rule provides that:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). CCP essentially argues that Rules 43 and 45 should be read together, and thus, "[i]f the Court allows Mr. Van Scotter to appear via video teleconferencing live at trial from a remote location under Rule 43, Rule 45(c) empowers the Court to compel Mr. Van Scotter to do so." Def.'s Opp'n 3.

CCP's suggestion is apparently novel in this Court.[2] However, other courts have addressed similar requests and have come to varying conclusions. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, Case No. 17-md-2785-DDC-TJJ, 2021 WL 2822535, at \*3 (D. Kan. July 7, 2021) (collecting cases); *see also Black Card LLC v. Visa USA Inc.*, Case No. 15-CV-27-SWS, 2020 WL 9812009, at \*2 (D. Wyo. Dec. 2, 2020). Some have held that Rule 43(a) cannot serve as a run-around to Rule 45(c)'s geographical limitations. *See*, *e.g.*, *EpiPen*, 2021 WL 2822535, at \*4 ("If the rule functioned as plaintiffs propose, the court would obviate the limitations that Rule 45 places on a court's subpoena power."); *Broumand v. Joseph*, No. 20-cv-9137 (JSR), 2021 WL 771387, at \*10 (S.D.N.Y. Feb. 27, 2021)

---

[2]    This also appears to be a relatively novel question in the First Circuit. CalPERS Corporate Partners LLC ("**CCP**") cites one case from this Circuit—a district court case in Puerto Rico from 1989—but that case, like many of the others relied on by CCP, was a complex, multidistrict litigation case. *See* CCP's Opp'n to Mot. of Keith Van Scotter to Quash Subpoena 5 (citing *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424, 426 (D.P.R. 1989)) ("**Def.'s Opp'n**").

4

("[A]ny other reading would render Rule 45(c) geographical limitations a nullity and bestow upon any arbitrator sitting anywhere in the country the unbounded power to compel remote testimony from any person residing anywhere in the country"). Others have held that a court can almost automatically compel a witness to testify from a remote location near her residence because such an order does not compel the witness to travel more than 100 miles and thus does not contravene the purpose of Rule 45(c)'s geographical limitations. *See, e.g.*, *United States v. $110,000 in U.S. Currency*, Case No. 21 C 981, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017). A third group of courts have held that a party may be able to use Rules 43(a) and 45(c) to compel a witness to testify remotely from a location within 100 miles of her residence but only upon a showing of good cause in compelling circumstances. *See, e.g.*, *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, Case No. 3:19-md-2885, 2021 WL 2605957, at *3–4 (N.D. Fla. May 28, 2021); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, MDL Docket No. 3:11–MD–2244–K, 2016 WL 9776572, at *1–2 (N.D. Tex. Sept. 20, 2016).

I am inclined to agree with this third group. I do not believe that Rule 43(a) should function as an automatic run-around to Rule 45(c). The advisory committee's notes to Rule 43(a) emphasize that "[o]rdinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena" in part because "[d]eposition procedures ensure the opportunity of all parties to be represented while the witness is testifying." Fed.

R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("**Rule 43 Note**"). But the Rules also suggest that, where there is good cause in compelling circumstances, a court can authorize a witness to testify via contemporaneous video transmission and can then subsequently compel the witness to give the testimony from a location within 100 miles of her residence. *See* Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment ("When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1).").[3]

As a first step, then, CCP must show that contemporaneous video transmission of Mr. Van Scotter's testimony is warranted in this case. The decision to allow such remote testimony "lies within the district court's discretion." *Williams v. City of Brockton*, CIVIL ACTION No. 12-10430-JGD, 2014 WL 12914391, at *1 (D. Mass. Nov. 24, 2014) (citing *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013)); *see also* Fed. R. Civ. P. 43(a) ("[T]he court *may* permit testimony in open court by contemporaneous transmission from a different location." (emphasis added)). I

---

[3]      I acknowledge that these Rules are a bit circular. Rule 43(a) "requires the witness to either be compelled to testify at trial via Rule 45, or willing to testify at trial." *Black Card LLC v. Visa USA Inc.*, Case No. 15-CV-27-SWS, 2020 WL 9812009, at *3 (D. Wyo. Dec. 2, 2020); *see also Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014); *Ping-Kuo Lin v. Horan Cap. Mgmt., LLC*, No. 14 Civ. 5202 LLS, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014). And, according to the advisory committee notes, Rule 45 authorizes courts to compel witnesses to testify from any place within the Rule's geographical limitations if the court has already authorized the remote transmission of the testimony pursuant to Rule 43(a). Here, however, Mr. Van Scotter is not a willing witness, he is not within the geographical reach of Rule 45(c) (at least for a proceeding held in Bangor), and his unavailability is not a surprise. Given these facts, I conclude both that contemporaneous video transmission of his testimony is not warranted and that he should not be compelled to give it.

conclude that CCP has not shown the necessary "good cause in compelling circumstances."[4] Fed. R. Civ. P. 43(a).

The advisory committee notes for Rule 43 explain that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Rule 43 Note. While justification might also be "likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness," "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." Rule 43 Note.

---

[4]       Many of the cases cited by CCP were bellwether multidistrict litigation cases. Although some of these courts held that Rules 43(a) and 45(c) could authorize a court to compel a witness to testify via contemporaneous video transmission even if she was beyond 45(c)'s geographical scope, they only found that such compelled testimony was warranted after also determining that there was good cause in compelling circumstances. *See In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, Case No. 3:19-md-2885, 2021 WL 2605957, at *4–5 (N.D. Fla. May 28, 2021) (holding that the motion to quash should be denied as to one witness due to good cause in compelling circumstances but that it should be granted as to a second witness). In such multidistrict litigation cases, courts weigh five factors when assessing good cause: "(1) the control exerted over the witness by the [party opposing the subpoena]; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the [opposing party] is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the [opposing party]; and (5) the flexibility needed to manage a complex multi-district litigation." *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006). Applying those factors here leads to the same conclusion I reach above. Mr. Van Scotter is not under the control of the Plaintiff, this is not a multi-state or multidistrict case, the witness's own asserted hardship and inconvenience is the moving factor behind his motion (not any tactical advantage to the Plaintiff), and the Plaintiff would be prejudiced because it has already worked to designate Mr. Van Scotter's depositions. While CCP suggests that the Plaintiff should not be allowed to use its chosen venue "as a weapon to prevent CCP from putting necessary witnesses on the stand at trial," Def.'s Opp'n 10, the Plaintiff here has done no such thing. Although the Plaintiff initially filed the case in Bangor, as is its right, I am responsible for keeping the trial there. I denied CCP's motion to move this trial to Portland because the community most affected by the bankruptcy of Lincoln Paper & Tissue LLC was in northern Maine. Further, given the limitations caused by the pandemic on courtroom use, I knew that it would be more expeditious to try this case in Bangor.

Mr. Van Scotter is not unavailable for unexpected reasons. Rather, CCP knew that Mr. Van Scotter resided outside the 100-mile radius of Bangor when it issued a deposition subpoena to him in 2019. Similarly, CCP has identified no new issues or asserted that another witness is unexpectedly unavailable. Rule 43 Note (explaining that an "unforeseen need for the testimony of a remote witness that arises during trial" may justify the use of remote transmission).

Moreover, CCP has the testimony of Mr. Van Scotter as recorded by a stenographer at his lengthy deposition and can offer it at trial. *See Williams v. Arctic Cat, Inc.*, No. 3:11-cv-445, 2014 WL 1028476, at *6 (N.D.N.Y. Mar. 13, 2014) ("Since testimony by deposition can be equivalent to testimony at the trial, and Plaintiffs had an opportunity to elicit all relevant testimony during the deposition, the Court finds that Plaintiffs will not be prejudiced by presenting the testimony of the unavailable witnesses in this case." (internal quotations omitted)). I recognize that reading deposition transcripts to a jury is not the ideal format for the admission of testimony. And I credit CCP's assertion that Mr. Van Scotter's testimony is critical to CCP's defense. *See* Def.'s Opp'n 3–4. But much of this problem is of CCP's own making. CCP chose not to videotape Mr. Van Scotter's deposition, despite knowing at the time that he lived in New Hampshire, more than 100 miles from Bangor. And at this stage, the parties have spent time and incurred expenses working to designate that deposition transcript for use at trial. Compelling Mr. Van Scotter to testify remotely from another location would place additional burdens on the Plaintiff. I thus conclude that there is no "good cause in compelling circumstances" that would warrant the use of

contemporaneous video transmission of his testimony at trial. *See* Fed. R. Civ. P. 43(a).

Finally, Mr. Van Scotter requests that the Court order CCP to reimburse him for the expenses incurred in preparing this motion. He notes that Federal Rule of Civil Procedure 45(d)(1) states:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). Mr. Van Scotter asserts that his counsel communicated with counsel for CCP "more than once, before filing this Motion, that Mr. Van Scotter was not willing to appear voluntarily and that if [CCP] served him with a subpoena, he would file a Motion to Quash." Mot. to Quash 8.

Although I recognize that Mr. Van Scotter has had to incur expenses in moving to quash the subpoena, I deny his request for costs. Mr. Van Scotter was the President and CEO of LPT, and his testimony is uniquely relevant to this case. CCP's argument that Rules 43 and 45 should be read together to compel video trial testimony has some support in courts outside this Circuit. Given the increasing use of videoconference technology in this Court and many other courts, it was not unreasonable for CCP to subpoena Mr. Van Scotter as it did, and CCP had a good faith basis to believe that Mr. Van Scotter could be compelled to testify by video.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Mr. Van Scotter's motion to quash (ECF No. 256) and **DENIES** CCP's motion for leave to take trial testimony of Mr. Van Scotter by video (ECF No. 270). No costs shall be awarded.


SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 20th day of July, 2021.